Mark P. Wine (State Bar No. 189897)
mwine@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2050 Main Street, Suite 1100
Irvine, CA 92614-8225
Tel:    949.567.6700
Fax:   949.567.6710

Scott Lonardo (State Bar No. 285001)
slonardo@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA
Tel.:   650.289.7125
Fax:   650.614.7401

*Counsel for Plaintiff StubHub, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STUBHUB, INC.,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>GOODY TICKETS LLC and JEFF GOODMAN,<br><br>　　　　　　　Defendants. | **CASE NO. 5:17-CV-06171**<br><br>**COMPLAINT FOR:**<br><br>**(1) Federal Trademark Infringement under 15 U.S.C. §1114(1)**<br>**(2) Federal Unfair Competition under 15 U.S.C. §1125(a)**<br>**(3) Unfair Competition under Cal. Bus. & Prof. Code §17200**<br>**(4) Violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)**<br>**(5) Breach of Contract**<br>**(6) Federal Dilution Under 15 U.S.C. § 1125(c)**<br>**(7) State Law Trademark Dilution under Cal. Bus. & Prof. Code §14330**<br><br>**Jury Trial Demanded** |

Plaintiff StubHub, Inc. ("StubHub" or "Plaintiff") brings this action for trademark infringement, unfair competition, violation of the Anti Cybersquatting Consumer Protection Act, breach of contract, and dilution arising under 15 U.S.C. §§ 1114 and 1125, California state law, and the common law against Defendants Goody Tickets LLC ("Goody Tickets") and Jeff Goodman (collectively, "Defendants").  StubHub hereby alleges – upon knowledge with respect to its own acts and those it has witnessed first-hand, and upon information and belief with respect to all other matters – as follows:

I.     THE PARTIES

   A.     Plaintiff

   1.     Plaintiff StubHub is a corporation organized and existing under the laws of Delaware. Its principal place of business is 199 Fremont Street, San Francisco, California 94105.  StubHub is a wholly owned subsidiary of eBay Inc.

   2.     Founded in 2000, StubHub operates the world's largest ticket marketplace, <www.stubhub.com>, with tickets available for over 10 million live sports, music, and theater events in more than 40 countries.  StubHub's online marketplace enables consumers to buy and sell tickets whenever and wherever they are through desktop and mobile applications.  StubHub is a recognized industry leader, having first introduced technologies like online ticketing applications, interactive seat mapping, 360 degree virtual views of seating, innovative price recommendation technology, and algorithms that determine the best value on tickets.

   3.     On June 1, 2013, StubHub acquired naming rights for the StubHub Center venue in Los Angeles, California.  This 27,000-seat stadium is the home of the Los Angeles Chargers professional football team and the Los Angeles Galaxy professional soccer team as well as being the venue for a variety of other sporting and entertainment events.  Since 2013, StubHub has licensed Anschutz Southern California Sports Complex LLC, the operator of the StubHub Center, to use StubHub's trademarks in association with offering tickets and ticketing information through its website <www.stubhubcenter.com>.

   B.     Defendants

   4.     On information and belief, Defendant Goody Tickets LLC is a Kansas Limited Liability Company having a principal place of business at 6600 College Blvd., Suite 130, Overland

Park, Kansas 66211.  On information and belief, Goody Tickets owned and operated the StubCenter online ticket marketplace located at <www.stub.center>, and Goody Tickets currently owns and operates the StubTickets online ticket marketplace at <www.stub.tickets>, to which the <www.stub.center> domain formerly redirected traffic.

5. On information and belief, Defendant Jeff Goodman is the Principal Member of Goody Tickets LLC and resides at 10380 W. 179th St., Overland Park, Kansas 66013.

## II.   JURISDICTION AND VENUE

6. StubHub brings this action under 15 U.S.C. §§ 1114 and 1125, California state law, and the common law.

7. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338.  This Court has both original and supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367.

8. The Court has personal jurisdiction over Defendants because Defendants sell tickets to residents of California and this District specifically, market and advertise their tickets to residents of California and this District generally, and sell tickets for events occurring in California and in this District specifically.

9. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to StubHub's claims occurred in this District and because Defendants are engaged in interstate commerce, and their activities, including those that form the basis of this complaint, substantially impact interstate commerce.

## III.   GENERAL ALLEGATIONS

10. StubHub is the owner of the STUBHUB mark for an online marketplace for sellers and buyers of tickets to various events, including sporting events, musical concerts, and other entertainment events, which it first used in commerce at least as early as 2001.

11. StubHub owns common law rights in the STUBHUB mark as well as numerous federal trademark registrations and applications for STUBHUB-formative marks, including the following (collectively, "the STUBHUB Mark"):

| Mark | Reg./App. No. | Services | Reg./App. Date |
|---|---|---|---|
| STUBHUB | 2,558,703 | On line marketplace for sellers and buyers of tickets for sporting events, musical concerts and other entertainment events. | April 9, 2002 |
| StubHub! (logo) | 3,262,511 | On-line ticket marketplace for sellers and buyers of tickets for sporting events, musical concerts and other entertainment events. | July 10, 2007 |
| StubHub! (logo) | 4,558,462 | On-line ticket marketplace for sellers and buyers of tickets for sporting events, musical concerts and other entertainment events. | July 1, 2014 |
| StubHub! (logo) | 4,999,575 | On-line ticket marketplace for sellers and buyers of tickets for sporting events, musical concerts and other entertainment events. | July 12, 2016 |
| StubHub (logo) | 87/025,031 | Computer e-commerce software to allow users to conduct electronic business transactions in online marketplaces via a global computer network; On-line ticket marketplace for sellers and buyers of tickets for sporting events, musical concerts and other entertainment events; Telecommunications services, namely, the electronic transmission of data and information; electronic messaging concerning sporting, entertainment and cultural events and the sale and purchase of tickets for such evening via a global computer network; Providing temporary use of online, non-downloadable e-commerce software to allow users to conduct electronic business transactions in online marketplaces via a global computer network; | May 4, 2016 |

-4-

| Mark | Reg./App. No. | Services | Reg./App. Date |
|---|---|---|---|
| | | Online social networking services | |
| STUBHUB | 87/392,822 | Arranging of travel tours; booking seats for travel; organization of excursions; conducting sightseeing travel tours for others; escorting of travel; Amusement; sporting and cultural activities; arranging of shows (entrepreneur's services); party planning; entertainment information; recreation information; box office services (entertainment); services for the reservation of seats for shows; booking of seats for shows; services for the reservation of tickets for sporting events; ticketing or seat-booking services for shows and sports events; information on seats for shows; information on tickets for sport events; supply of electronic publications online, not downloadable; Reservation of temporary accommodation; providing information in the field of reservation of temporary accommodation; rental of meeting rooms | March 30, 2017 |

12. At all times relevant to this complaint, StubHub has used the STUBHUB Mark in connection with promoting and identifying its online marketplace at <www.stubhub.com>.

13. StubHub also owns common law rights in and a federal registration for STUBHUB!CENTER (stylized) for "Providing sports facilities; providing stadium facilities for sports and entertainment; providing information in the field of sports and entertainment by means of the internet, telephone and digital transmission" (Reg. No. 4,458,165), shown below ("the STUBHUB!CENTER Mark"):



-5-

1    14. At all times relevant to this complaint, StubHub has used or licensed the
2  STUBHUB!CENTER Mark in conjunction with promoting the StubHub Center, including
3  promoting the advertisement and sale of tickets for events taking place in that venue on the
4  <www.stubhubcenter.com> website.
5    15. On June 25, 2013, the United States Patent and Trademark Office published for
6  opposition Defendants' United States Trademark Application Serial No. 85/799,520 for a STUB-
7  STUB TICKETS standard character trademark.  That same day, StubHub filed a Request for
8  Extension of Time To Oppose For Good Cause with the Trademark Trial and Appeal Board.
9    16. Also in 2013, StubHub notified Defendants that it objected to Defendants' infringing
10  use of three Internet domains, each of which was likely to cause confusion with StubHub's own
11  ticket marketplace: <www.stub-hub-tickets.com>, <www.stub-stub-tickets.com>, and
12  <www.stubstubtickets.com>.
13    17. On December 23, 2013, StubHub timely opposed Defendants' application for the
14  STUB-STUB TICKETS mark on the basis that it was confusingly similar to StubHub's prior
15  STUBHUB Mark.
16    18. On February 13, 2014, StubHub and Defendants settled their dispute pursuant to a
17  Settlement Agreement.  Under the terms of the Settlement Agreement, Defendants undertook to
18  withdraw and abandon their STUB-STUB TICKETS trademark application and to assign all rights,
19  title, and interest in the three disputed domain names to StubHub.
20    19. Defendants further represented they would not in the future use or adopt a mark
21  featuring the font, alternating blue and orange combination of colors, and letter placement that
22  appears in the STUBHUB! mark (Reg. No. 4558462 depicted, *supra*, in Paragraph 11).
23    20. Defendants further represented they would cease any and all use of the names STUB-
24  STUB or STUB-HUB, regardless of spacing, punctuation, capitalization, stylization, or other
25  appended terms.
26    21. Defendants further represented they would not use any name or mark confusingly
27  similar to the STUBHUB, STUB HUB, or STUBHUB! marks.
28

22. Defendants further agreed that the prohibitions would extend against use as part of a trademark, trade name, domain name, on a website, in marketing materials, or in any use that otherwise constitutes trademark infringement or dilution.

23. Defendants further agreed that the STUBHUB Mark was "famous, enforceable, and valid."

24. Defendants also have accounts to sell tickets on the <www.stubhub.com> online ticket marketplace operated by StubHub and have in the past sold tickets on the <www.stubhub.com> online ticket marketplace.

25. All users accessing StubHub's website, including Defendants, agree to be bound by the StubHub Marketplace Global User Agreement.

26. During the relevant times, pursuant to the StubHub Marketplace Global User Agreement, Defendants agreed that they would not "use StubHub's trademarks without [StubHub's] prior written permission."

27. During the relevant times, pursuant to the StubHub Marketplace Global User Agreement, Defendants agreed that they would not "do anything else that StubHub determines, in its sole reasonable discretion, misuses the Site or Services or otherwise negatively impacts our marketplace."

28. Defendants have also participated in StubHub's "Top Seller Program." The Top Seller Program allows sellers who satisfy certain criteria, including sales volume and low incident rates, to receive certain benefits, including promotions and discounts on selling as well as access to StubHub's dedicated Top Seller Program Support Team.

29. Top Sellers participating in StubHub's Top Seller Program agree to be bound by the terms of both the StubHub Marketplace Global User Agreement and the Top Seller Handbook.

30. The StubHub Top Seller Handbook provides that Top Sellers must meet a non-exhaustive list of professional standards, including that "Sellers are not permitted to purchase, bid, or register search engine key words, AdWords, search terms, or other identifying terms that include the word 'StubHub' or any variations thereof (including, but not limited to, any misspelled or deceptively similar terms) for use in any search engine, portal, sponsored advertising service, or other search or referral service. For example, this policy prohibits someone from bidding on the

trademarks StubHub and StubHub.com, and any keyword string that includes these terms or any variation of StubHub's trademarks. (e.g. Stubhub coupons, stub hub and coupons, Stubhub, stub hub, www.stubhub.com, stub-hub, etc.)."

31. The StubHub Top Seller Handbook provides that Top Sellers are not meeting professional standards if they "breach any other standard(s) and/or reason(s), as determined at StubHub's sole discretion."

32. Despite these representations and agreements, since at least February 2015 through most of 2017, Defendants operated an online ticket marketplace at <www.stub.center>, featuring the mark:



33. Despite these representations and agreements, since at least 2017, Defendants have been operating an online ticket marketplace at <www.stub.tickets>, featuring the mark:



34. On information and belief, Defendants consciously designed their mark to imitate StubHub's STUBHUB and STUBHUB!CENTER Marks. Among other similarities, "StubCenter" is identical to Plaintiff's STUBHUB!CENTER mark but for the absence of "HUB!". "Center" and "Hub" have the same connotation and meaning, particularly with respect to an online marketplace featuring ticket sales, increasing the likelihood of confusion. On information and belief, Defendants' selection of a blue and red combination of colors, with "Stub" in blue, is calculated to call to mind StubHub's well-known blue and orange colors. On information and belief, Defendants intended further to blur the distinction between their site and Plaintiff's marketplace by prominently featuring blue and red ticket stubs featuring a single, semi-circular indentation in imitation of nearly identical components in Plaintiff's STUBHUB and STUBHUB!CENTER Marks.

35. On information and belief, Defendants also intended to blur the distinction between their site and Plaintiff's marketplace by purchasing Plaintiff's trademarks, including STUBHUB, as

keywords in online advertising, such that users who search for "StubHub" may see an advertisement for Defendants' website.

36. On information and belief, Defendants receive an economic advantage when purchasing Plaintiff's trademarks as keywords because Defendants' name includes "stub" and is confusingly similar to Plaintiff's STUBHUB and STUBHUB!CENTER Marks. On information and belief, Defendants' purchase of Plaintiff's trademarks causes harm to Plaintiff because it increases the keyword purchase costs Plaintiff incurs when purchasing its own marks as keywords.

37. Defendants' online StubCenter and StubTickets marketplaces directly competed and directly compete with the StubHub marketplace by offering concert, sports, and theater tickets, including by offering to sell tickets to events in the StubHub Center venue.

## IV.  CLAIMS FOR RELIEF

### FIRST CLAIM

*Federal Trademark Infringement under 15 U.S.C. §1114(1)*

38. StubHub repeats and realleges each and every allegation of this Complaint as if fully set forth herein.

39. StubHub owns United States Trademark Registration Numbers 2,558,703; 3,262,511; 4,558,462; and 4,999,575 for the well-known STUBHUB Mark for an online ticket marketplace for sellers and buyers of tickets for sporting events, musical concerts, and other entertainment events.

40. At all times relevant to this complaint, Plaintiff has used and licensed its STUBHUB Mark in connection with online ticket sales.

41. StubHub owns United States Trademark Registration Number 4,458,165 for the well-known STUBHUB!CENTER Mark.

42. At all times relevant to this complaint, StubHub has used and licensed its STUBHUB!CENTER Mark in connection with providing online information and ticket sales for its StubHub!Center venue in Los Angeles, California through <www.stubhubcenter.com>.

43. The STUBHUB and STUBHUB!CENTER Marks were in use in commerce prior to the time Defendants registered <www.stub.center> and <www.stub.tickets> or began selling tickets online under the names StubCenter or StubTickets.

1   44.     Defendants' use of StubCenter and StubTickets, and their use of the domains
2   <www.stub.center> and <www.stub.tickets> was or is likely to and intended to cause confusion
3   between its marketplace and Plaintiff's marketplaces and STUBHUB and STUBHUB!CENTER
4   Marks, in violation of the Lanham Act, 15 U.S.C. §1114.

5   45.     Defendants acted with knowledge of Plaintiff's exclusive rights and goodwill in its
6   marks.  Upon information and belief, Defendants' conduct is willful, deliberate, and intentional.

7   46.     StubHub has suffered damages and irreparable harm as a result of Defendants'
8   infringement and will continue to suffer irreparable injury unless Defendants are enjoined from
9   engaging in any further such acts in violation of 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

## SECOND CLAIM

*Federal Unfair Competition under 15 U.S.C. § 1125(a)(1)(A)*

12  47.     StubHub repeats and realleges each and every allegation of this Complaint as if fully
13  set forth herein.

14  48.     StubHub uses and licenses the STUBHUB Mark in interstate commerce for the online
15  sale of tickets and has been continuously using this mark for such services from a time prior to the
16  date Defendants began using StubCenter, StubTickets, <www.stub.center>, and <www.stub.tickets>
17  in interstate commerce.

18  49.     StubHub uses and licenses the STUBHUB!CENTER Mark in interstate commerce in
19  connection with providing online information and ticket sales for its StubHub!Center venue in Los
20  Angeles, California, and has been continuously using this mark for such services from a time prior to
21  the date Defendants began using StubCenter, StubTickets, <www.stub.center>, and
22  <www.stub.tickets> in interstate commerce.

23  50.     The STUBHUB and STUBHUB!CENTER Marks are inherently distinctive.

24  51.     Defendants' use in commerce of StubCenter and StubTickets, and its use of the
25  <www.stub.center> and <www.stub.tickets> domain names were or are likely to cause confusion or
26  mistake or to deceive as to the affiliation, connection, or association of its marketplace with StubHub
27  and/or StubHub!Center, or as to the origin, sponsorship, or approval of Defendants' services, in
28  violation of 15 U.S.C. 1125(a)(1)(A).

52. Defendants acted with knowledge of Plaintiff's exclusive rights and goodwill in its marks. Upon information and belief, Defendants' conduct is willful, deliberate, and intentional.

53. StubHub has suffered damage and irreparable harm as a result of Defendants' infringement and will continue to suffer irreparable injury unless Defendants are enjoined from engaging in further such acts in violation of 15 U.S.C. 1125(a)(1)(A).

## THIRD CLAIM

*Unfair Competition under Cal. Bus. & Prof. Code § 17200, et. seq. and Cal. Common Law*

54. StubHub repeats and realleges each and every allegation of this Complaint as if fully set forth herein.

55. The acts described above constitute unfair competition in violation of Cal. Bus. & Prof. Code § 17200 *et seq.* and the common law of the state of California.

56. Upon information and belief, Defendants' conduct is willful, deliberate, and intentional.

57. StubHub has suffered damages and irreparable harm as a result of Defendants' unfair competition and will continue to suffer irreparable injury unless Defendants are enjoined from engaging in further such acts in violation of Cal. Bus. & Prof. Code § 17200 *et seq.* and the common law of the State of California.

## FOURTH CLAIM

*Violation of the Anti Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)*

58. StubHub repeats and realleges each and every allegation of this Complaint as if fully set forth herein.

59. Defendants have registered and used the Internet domain names <www.stub.center> and <www.stub.tickets>, which are confusingly similar to the STUBHUB and STUBHUB!CENTER Marks.

60. Defendants did not use these domain names in connection with the bona fide offering of any goods or services before StubHub developed enforceable rights in its trademarks or before StubHub registered <www.stubhub.com> and <www.stubhubcenter.com>.

61. Defendants do not make bona fide noncommercial or fair use of StubHub's marks on any of their websites.

-11-

62. Defendants intend to divert consumers from Stubhub's <www.stubhubcenter.com> and <www.stubhub.com> websites by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of Defendants' websites. Defendants' acts were for commercial gain and harmed the goodwill represented by StubHub's marks.

63. Defendants' acts described above demonstrate bad faith intent to profit from Plaintiff's STUBHUB and STUBHUB!CENTER Marks.

64. As a consequence, StubHub is entitled to an injunction, Defendants' profits, StubHub's damages, statutory damages, transfer of the <www.stub.tickets> domain name to StubHub's control, and costs of action. Moreover, because this is an exceptional case, StubHub is entitled to recover treble damages, treble profits, and attorneys' fees against Defendants.

## FIFTH CLAIM

### *Breach of Contract (2014 Settlement Agreement)*

65. StubHub repeats and realleges each and every allegation of this Complaint as if fully set forth herein.

66. On February 13, 2014 Defendants agreed to be bound by the terms of their Settlement Agreement with StubHub, including terms pursuant to which Defendants undertook not to, directly or indirectly, adopt or use any name or mark confusingly similar to or dilutive of the STUBHUB Mark.

67. StubHub has performed all conditions, covenants, and promises required on its part to be performed in accordance with the Settlement Agreement.

68. Defendants have breached the Settlement Agreement by, *inter alia*, registering the <www.stub.center> and <www.stub.tickets> domain names, using the names StubCenter and StubTickets, by operating their online StubCenter and StubTickets ticket marketplace, and by designing the logo thereto to cause confusion amongst the ticket-buying public.

69. As a result of Defendants' breach of the Settlement Agreement, Defendants have caused damages to StubHub in an amount to be proven at trial. StubHub has also suffered irreparable injury, and will continue to suffer irreparable injury, for which StubHub has no adequate remedy at law, entitling StubHub to injunctive relief, including but not limited to specific performance of the obligations owed by Defendants under the Settlement Agreement.

## SIXTH CLAIM

*Breach of Contract (Top Seller Handbook)*

70. StubHub repeats and realleges each and every allegation of this Complaint as if fully set forth herein.

71. By voluntarily participating in StubHub's Top Seller Program, Defendants agreed to be bound by the terms in the StubHub User Agreement and the Top Seller Handbook. Among the terms in the Top Seller Handbook are terms providing that Top Sellers "are not permitted to purchase, bid, or register search engine key words, AdWords, search terms, or other identifying terms that include the word 'StubHub' or any variations thereof (including, but not limited to, any misspelled or deceptively similar terms) for use in any search engine, portal, sponsored advertising service, or other search or referral service."

72. StubHub has performed all conditions, covenants, and promises required on its part to be performed in accordance with the Top Seller Handbook.

73. On information and belief, while Defendants were participants in StubHub's Top Seller Program, Defendants breached the terms of the Top Seller Handbook by, *inter alia*, purchasing StubHub's trademarks and/or variations thereof, including the STUBHUB Mark, as search engine key words, AdWords, or search terms.

74. As a result of Defendants' breach of the Top Seller Handbook, Defendants have caused damages to StubHub in an amount to be proven at trial. StubHub has also suffered irreparable injury, and will continue to suffer irreparable injury, for which StubHub has no adequate remedy at law, entitling StubHub to injunctive relief, including but not limited to specific performance of the obligations owed by Defendants under the terms of the Top Seller Handbook.

## SEVENTH CLAIM

*Breach of Contract (StubHub Marketplace Global User Agreement)*

75. StubHub repeats and realleges each and every allegation of this Complaint as if fully set forth herein.

76. By registering for, accessing, and using StubHub's website, Defendants agreed to be bound by the StubHub Marketplace Global User Agreement.

1    77.    During the relevant times, pursuant to the StubHub Marketplace Global User
2 Agreement, Defendants agreed that they would not "use StubHub's trademarks without [StubHub's]
3 prior written permission."
4    78.    During the relevant times, pursuant to the StubHub Marketplace Global User
5 Agreement, Defendants agreed that they would not "do anything else that StubHub determines, in its
6 sole reasonable discretion, misuses the Site or Services or otherwise negatively impacts our
7 marketplace."
8    79.    StubHub has performed all conditions, covenants, and promises required on its part to
9 be performed in accordance with the StubHub Marketplace Global User Agreement.
10    80.    Defendants have breached the StubHub Marketplace Global User Agreement by,
11 *inter alia*, using the STUBHUB Mark without prior written permission, including by purchasing
12 StubHub's trademarks and/or variations thereof, including the STUBHUB Mark, as search engine
13 key words, AdWords, or search terms, and by engaging in conduct that negatively impacts the
14 StubHub marketplace.
15    81.    As a result of Defendants' breach of the StubHub Marketplace Global User
16 Agreement, Defendants have caused damages to StubHub in an amount to be proven at trial.
17 StubHub has also suffered irreparable injury, and will continue to suffer irreparable injury, for which
18 StubHub has no adequate remedy at law, entitling StubHub to injunctive relief, including but not
19 limited to specific performance of the obligations owed by Defendants under the StubHub
20 Marketplace Global User Agreement.

**EIGHTH CLAIM**

*Federal Dilution Under 15 U.S.C. § 1125(c)*

23    82.    StubHub repeats and realleges each and every allegation of this Complaint as if fully
24 set forth herein.
25    83.    StubHub is the owner of the STUBHUB Mark.  The STUBHUB Mark is distinctive
26 and famous as defined by Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).  The STUBHUB
27 Mark is inherently distinctive and also has acquired secondary meaning in the public mind, and it is
28 widely recognized by the general consuming public of the United States as identifying the products
and services provided by StubHub exclusively, as distinguished from competitors of StubHub.  The

1   STUBHUB Mark has become known by the public as indicative of the uniform high quality services
2   and goods provided by StubHub, and the mark has developed and acquired outstanding renown
3   symbolizing the goodwill that StubHub has created.

4       84.    Defendants commenced commercial use of the StubCenter and StubTickets names
5   after the STUBHUB Mark had become famous, and such use is likely to cause dilution by blurring
6   and tarnishment of the famous STUBHUB Mark.

7       85.    Defendants' use of StubCenter and StubTickets has diminished the value of the
8   STUBHUB Mark and constitutes dilution by blurring and dilution by tarnishment in violation of 15
9   U.S.C. § 1125(c).

10      86.    StubHub has suffered damages and irreparable harm as a result of Defendants'
11  dilution and will continue to suffer irreparable injury unless Defendants are enjoined from engaging
12  in any further such acts in violation of 15 U.S.C. § 1125(c).

13  **NINTH CLAIM**

14  *State Law Trademark Dilution Under Cal. Bus. & Prof. Code §14330*

15      87.    StubHub repeats and realleges each and every allegation of this Complaint as if fully
16  set forth herein.

17      88.    The STUBHUB Mark constitutes a famous trademark in the State of California
18  pursuant to California Business & Professions Code §14330, and it became famous prior to the
19  commencement of Defendants' use of StubCenter and StubTickets.

20      89.    Defendants' use of StubCenter and StubTickets have caused or are likely to cause
21  injury to StubHub's business reputation or to dilute the distinctive quality of the STUBHUB Mark in
22  violation of California Business & Professions Code §14330.

23      90.    Defendants' actions have caused StubHub irreparable harm and injury and will
24  continue to do so unless Defendants are enjoined from engaging in any further such acts in violation
25  of California Business & Professions Code §14330.

26  **V.    PRAYER FOR RELIEF**
27  WHEREFORE, StubHub requests the following relief and asks the Court to:
28      A. Enter judgment in favor of StubHub and against Defendants, jointly and severally, on all
        claims for relief;

B. Permanently enjoin Defendants from:
   i. Using STUB followed by any terms that begin with the letter "H", are phonetically similar to "hub" or "stub," or are conceptually similar to "hub" or "stub" (e.g., "center").
   ii. Directly or indirectly engaging in any further trademark infringement, dilution, or unfair competition against StubHub;
   iii. Using any trademark owned by StubHub without prior written permission;
   iv. Purchasing StubHub's trademarks as keywords in online search advertising;
C. Order specific performance of the following contractual obligations owed by Defendants pursuant to the StubHub Marketplace Global User Agreement, the Top Seller Handbook, and the 2014 Settlement Agreement:
   i. Defendants shall not purchase, bid, or register search engine key words, AdWords, search terms, or other identifying terms that include the word 'StubHub' or any variations thereof (including, but not limited to, any misspelled or deceptively similar terms) for use in any search engine, portal, sponsored advertising service, or other search or referral service;
   ii. Defendants shall not use StubHub's trademarks without StubHub's prior written permission;
   iii. Defendants shall not engage in any conduct that misuses StubHub's website or services or that otherwise negatively impacts StubHub's marketplace.
D. Order an accounting and order Defendants to pay over to StubHub:
   i. All monetary gains, profits, and advantages derived by Defendants from the acts complained of herein;
   ii. Damages incurred by StubHub;
   iii. Statutory damages for violation of 15 U.S.C. § 1125(d)(1) in the amount of $100,000 per infringing domain name;
   iv. Treble damages as provided by law;
   v. Punitive and exemplary damages as provided by law and to be determined by the Court after a full hearing on the merits; and

   vi. StubHub's costs and disbursements in this action, including reasonable attorneys' fees and prejudgment and post-judgment interest.

E. Order Defendants to cease use of the domain name <www.stub.tickets> and transfer the domain name to StubHub.

F. Award StubHub any other or further relief that the Court deems just or appropriate.

**VI.  DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury.

Dated:  October 26, 2017       ORRICK, HERRINGTON & SUTCLIFFE LLP

                 By:_____/s/Scott Lonardo_____
                       Scott Lonardo

                *Counsel for Plaintiff StubHub, Inc.*